**Nazaret NAJARYAN; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

Nos. 02–74011, A76–377–639, A75–377–640.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 13, 2004.

---

Elsa I. Martinez, Martinez Goldsby & Associates, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David M. McConnell, Lisa M. Arnold, Attorney, U.S. Department of Justice, Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM **

Nazaret Najaryan and his spouse, Mari Demirtshyan, natives and citizens of Armenia, petition for review of the Board of Immigration Appeals' order affirming the Immigration Judge's ("IJ") denial of their applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Because the IJ offered "specific, cogent reason[s]" for disbelieving Najaryan's testimony, including his submission of fabricated medical records concerning injuries allegedly received on account of his political activities, substantial evidence supports the IJ's denial of asylum for lack of credible evidence. *See Wang v. INS*, 352 F.3d 1250, 1253 (9th Cir.2003).

By failing to qualify for asylum, petitioners necessarily fail to satisfy the more stringent standard for withholding of re-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

moval. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Petitioners' renewed motion for stay of removal, set forth in their opening brief, is denied.

PETITION FOR REVIEW DENIED.